# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**
v.
**ADELITA SILVA**

**ORDER OF DETENTION PENDING REVOCATION HEARING**

Case Number: **1:10-PT-11**

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending revocation hearing in this case.

## Part I - Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

## Alternate Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ under 18 U.S.C.§924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

## Alternate Findings (B)

- ☒ (1) There is a serious risk that the defendant will not appear.
- ☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Jurisdiction of this supervised release case was accepted by this court on May 18, 2010. Ten days later, as the result of defendant using cocaine on May 22, 2010, the court ordered defendant to be placed on electronic monitoring for six months and directed that defendant abstain from all use of alcohol. Before defendant could be hooked up to the tether, she provided untruthful information to her probation officer, failed to attend a substance abuse treatment session at Pine Rest, and provided untruthful information to her (continued on attached page)

## Part II - Written Statement of Reasons for Detention

Defendant has failed to show by clear and convincing evidence that she will appear for future court proceedings and will not be a danger to a member of the community, namely herself. Her repeated instances of providing untruthful information make it difficult, if not impossible, to supervise her, and while she might benefit from treatment at Pine Rest, the court cannot in good faith place her there when she has already failed to attend treatment sessions at that facility and has deceived that treatment provider. Defendant appears to be spiraling out of control, and until her position (continued on attached page)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: June 18, 2010

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, Jr., United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

**Alternate Findings (B) - (continued)**

> treatment provider. She also provided untruthful information to her probation officer regarding her employment status several days later. Two weeks later, the probation office learned that defendant was living with a convicted sex offender without permission, in violation of the standard conditions of supervised release. The court was also notified on the date of the hearing that defendant had attempted suicide. The seriousness of this attempt it not known.

**Part II - Written Statement of Reasons for Detention - (continued)**

> is more clearly ascertained, defendant has failed to show that she is safe to return to the street.